UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

v. 00 CR 1118 (MBM)

LOUIS CONSALVO, et al.,

Defendants.

------------------------------x

New York, N.Y.
April 26, 2006
3:00 p.m.

Before:

HON. MICHAEL B. MUKASEY,

District Judge

APPEARANCES

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
MIRIAM ROCAH
Assistant United States Attorney

WINOGRAD & WINOGRAD
Attorneys for Defendant Louis Consalvo
BY: JOEL WINOGRAD

LAW OFFICE OF MARC FERNICH
Attorney for Defendant Louis Consalvo
BY: MARC FERNICH

ALSO PRESENT: SEAMUS McELEARNEY, FBI

been timely sentenced before your Honor, which is at least --

THE COURT: And that comes out to?

MR. FERNICH: There's the rub, Judge. Apparently, the parties have tried to reconstruct the chronology of this. It seems to me, your Honor, that Mr. Consalvo was initially arrested and bailed in Florida in October of 2000. Shortly thereafter, October 12th of 2000, he pled guilty in Florida and remained at liberty on bail. Roughly ten days after that, Judge, he was apprehended on the instant charges and remanded without bail. He then was not sentenced in Florida until, I believe, May of 2004 to a sentence of 27 months, which the judge there said equates to time served.

So we have this period in the middle where he's sort of, I guess, serving time on the Florida charge and also serving time under 3585(b) that otherwise would be credited against this sentence because he's detained, and he's not getting credit for both of those. And I have no idea how the Bureau of Prisons is going to calculate that, but the bottom line is his reasonable understanding of what he was pleading to by virtue of this first full paragraph on page 4 is going to be frustrated due to this delay for which I'm ascribing blame to nobody, since I have recently entered the case.

And I pulled the case this morning because it seems to me that this is one of the thickets of law that you don't like to get into, 5G1.3 and 3584 and 85, and I pulled a case from

Judge Sweet, United States v. Santos, a post-Booker case, 406 F.Supp.2d 320, and the judge in that case, in the exercise of his 3553 discretion, gave some consideration for the lost opportunity for concurrent sentencing due to the delay.

The best I can figure out, Judge --

THE COURT: I'm happy to do the same.

MR. FERNICH: I understand, your Honor.

THE COURT: But the question is --

MR. FERNICH: How much.

THE COURT: Right. That's the --

MR. FERNICH: I understand. It seems to me the best estimate that I can come up with, at the time I guess -- can I have a minute to confer with cocounsel?

THE COURT: Sure.

MR. FERNICH: See if I can thrash this out.

MS. ROCAH: Your Honor, I know I objected to this, but if it's going to happen, I do have a suggestion of how to calculate it, which is --

THE COURT: Why don't we wait till Mr. Fernich --

MS. ROCAH: Okay.

MR. FERNICH: This is okay. If it's consistent with what we discussed earlier, it may well be helpful.

MS. ROCAH: There are certainly objective things we know, which is that he pled here in April of 2003. So obviously -- April 21, 2003. So he could not have gotten any